# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

PHILIP BURRIS,                        )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )        Case No.  CIV-13-867-D
                                      )
STATE OF OKLAHOMA, ex rel.,           )
OKLAHOMA DEPARTMENT OF                )
CORRECTIONS, KACIE                    )
McDONALD, Case Manager,               )
JUSTIN JONES, Director of DOC,        )
MIKE ADDISON, Warden at               )
Joseph Harp Correctional Center,      )
                                      )
            Defendants.               )

## REPORT AND RECOMMENDATION

Plaintiff, appearing through counsel, initiated the present action under

42 U.S.C. § 1983 and Oklahoma law.  Doc. 11.  United States District Court

Judge Timothy D. DeGiusti referred the matter for initial proceedings under

28 U.S.C. § 636(b)(1)(B), (C) and it is now before the undersigned Magistrate

Judge.  Currently before the Court is Defendants Oklahoma Department of

Corrections (DOC), Jones, and Addison's motion to dismiss, Doc. 16, and

Plaintiff's response, Doc. 18.  The undersigned recommends that the Court

grant Defendants' motion in part and deny it in part.

1

## I.    Background.

In May 2012, pursuant to the Oklahoma Governmental Tort Claims Act (GTCA), Plaintiff presented a claim to DOC for an award of damages based on alleged violations of Oklahoma law, and DOC denied the claim in September 2012. Doc. 11, at 7. Plaintiff then filed his original complaint in the Cleveland County District Court and Defendants removed the case to this forum. Doc. 1 & Ex. 1. Thereafter, Defendants filed a motion to dismiss, Doc. 4, and Plaintiff, with permission, filed an amended complaint. Doc. 11. Defendants responded with a second motion to dismiss, Doc. 16, and agree that their initial motion to dismiss, Doc. 4, is moot. Doc. 17.

It appears that, to date, Plaintiff has not served Defendant Kacie McDonald.

## II.   Plaintiff's claims.

Plaintiff alleges that Joseph Harp Correctional Center (JHCC) case manager Kacie McDonald initiated non-consensual sexual contact with Plaintiff, culminating in "approximately fifty to a hundred encounters of oral[] and vaginal sex." Doc. 11, at 4. Plaintiff also claims that Defendant McDonald forced him to traffic in contraband goods throughout JHCC in order to provide her with financial support. *Id.* at 5. According to Plaintiff,

Defendant McDonald was eventually terminated from JHCC and faces criminal charges based on these actions. *Id.* at 6. Plaintiff alleges that after her termination, "ODOC authorities" retaliated and informed other inmates that Plaintiff was a "snitch," resulting in those inmates attacking and physically assaulting Plaintiff. *Id.* at 5.[1]

Based on these allegations, Plaintiff brings seven claims arising under § 1983 and under state law. Six of these claims relate to the moving-Defendants. For the state law claims, Plaintiff alleges that:

- Count 2: Defendants DOC, Jones, and Addison were negligent in "holding, incarcerating, and guarding" Plaintiff;

- Count 3: Defendants DOC, Jones, and Addison were negligent in hiring, training, supervising and/or retaining Defendant McDonald;

- Count 4: Defendants DOC, Jones, and Addison were negligent in failing to provide an adequate surveillance system;

- Count 5: Defendants Jones and Addison engaged in "wanton and reckless" conduct; and,

- Count 6: Defendants Jones and Addison engaged in intentional infliction of emotional distress.

Doc. 11, at 6-9.

---

[1] As illustrated in the enumerated Counts, Plaintiff does not specifically accuse any named Defendant of participating in the alleged retaliation.

Count 7 includes the federal claims arising under § 1983. There, Plaintiff alleges that Defendants DOC, Jones, and Addison: (a) failed to supervise, properly train, control, investigate, and "discipline Kacie McDonald"; (b) knew or should have known that Defendant McDonald posed an excessive risk to JHCC inmates based on their knowledge that Defendant McDonald "had a history of sexual misconducts with prison inmates and staff"; (c) "created a policy of inadequate supervision of the prison staff, and caused systemic structural policy failures"; (d) failed to "adopt and implement reasonable procedures to prevent abuse or prison official authority"; and, (e) failed to "adopt and implement reasonable internal procedures for investigation and disciplining of wayward Correctional Officers." *Id.* at 10-12.

The undersigned will address Plaintiff's federal claims (Count 7) first.

## III.  Standard for dismissal.

Defendants DOC, Jones, and Addison urge dismissal for failure to state a valid claim. Doc. 16, at 1. Under Fed. R. Civ. P. 12(b)(6), Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether a claim is "plausible," the Court must "draw on its judicial experience and common sense." *Id.* at 679. "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." *Burnett v. Mortg. Elec. Regist. Sys, Inc.*, 760 F.3d 1231, 1236 (10th Cir. 2013).

While engaging in this determination, the Court must assume the truth of all well-pleaded factual allegations in the amended complaint and construe them in the light most favorable to Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## IV. Defendants DOC, Jones, and Addison's motion to dismiss Plaintiff's federal claims (Count 7).

### A. Motion to dismiss the official capacity claims.

Defendant DOC, and Defendants Jones and Addison, in their official capacities, seek dismissal from the federal claims in Count 7 on grounds that they are not "persons" under § 1983 and lack the capacity to be sued. Doc.

16, at 14-15.[2]  In response, Plaintiff alleges entitlement to proceed against Defendant DOC and Defendants Jones and Addison, in their official capacities, with claims for prospective injunctive relief.  Doc. 18, at 9-11.  The undersigned finds that Defendant DOC and Defendants Jones and Addison, in their official capacities, are not "persons" and that Plaintiff's amended complaint does not seek injunctive relief.

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989).  And, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Id.* at 68.  Accordingly, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Id.* at 71.

Plaintiff seeks to avoid dismissal on grounds that he may nevertheless bring claims against Defendant DOC and Defendants Jones and Addison, in their official capacities, for prospective injunctive relief.  Doc. 18, at 9-11.  He

---

[2]     Although the arguments are generally intertwined, Defendants did not raise an Eleventh Amendment immunity defense while arguing that they are not "persons" under § 1983.  Doc. 16, at 14-15.

is correct that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71, n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). But, Plaintiff did not seek prospective injunctive relief. Doc. 11, at 14. As amended, Plaintiff's complaint fails to state a valid § 1983 claim against Defendant DOC or Defendants Jones or Addison, in their official capacities, and Defendants are entitled to dismissal of the official capacities claims in Count 7. *See Ross v. Bd. of Regents of the Univ. of N.M.*, 599 F.3d 1114, 1117 & n.2 (10th Cir. 2010) (holding that because the state agency and state employees were not persons under § 1983, "the district court was correct in holding that the plaintiffs have failed to state a constitutional claim upon which relief can be granted," and rejecting plaintiffs' argument that they could nevertheless seek prospective injunctive relief because the complaint did not include any such request for relief).

Adoption of this recommendation will result in Defendant DOC's complete dismissal from Count 7.

**B.      Motion to dismiss the individual capacity claims.**

In their individual capacities, Defendants Jones and Addison seek dismissal of Count 7's § 1983 claims based on insufficient allegations of supervisory liability.   Doc. 16, at 15-21.   The undersigned finds that Plaintiff's theory that Defendants Jones and Addison were deliberately indifferent to his safety involves allegations of personal — not supervisory — liability and states a valid claim for relief.   However, Plaintiff's remaining theories, resting on supervisory liability alone, are facially insufficient.

**1.      Plaintiff's allegations of personal involvement.**

In part, Plaintiff alleges that Defendants Jones and Addison knew or should have known that Defendant McDonald had a history of sexual misconduct with prisoners and that employing her at JHCC therefore "carried an excessive risk to the inmates' health and safety."   Doc. 11, at 11. Plaintiff alleges that Defendants Jones and Addison "through their individual acts and conducts" engaged in cruel and unusual punishment under the Eighth Amendment.   *Id.*   Plaintiff also alleges a violation of "the right to be free from unreasonable search and seizure," "due process," and "other rights and privileges . . . guaranteed under the United States Constitution . . . ."   *Id.*

To determine whether Plaintiff's allegations state a valid claim for relief, the Court must compare Plaintiff's "pleading with the elements of the cause(s) of action." *Burnett*, 706 F.3d at 1236 (citation omitted). Defendants seek dismissal of only the Eighth Amendment cause of action, Doc. 16, at 19-21, so, Plaintiff's causes of action involving unreasonable search and seizure, due process and "other rights and privileges" survive Defendants' motion to dismiss. For the reasons that follow, the undersigned finds that Plaintiff's Eighth Amendment claim also survives.

### a. The Eighth Amendment.

It is well established that "a prison official's deliberate indifference to sexual abuse by prison employees violates the Eighth Amendment." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013). "Such a violation occurs where 'the official knows of and disregards an excessive risk to inmate health or safety,' and there is an affirmative link between the constitutional deprivation and the [official's] actions." *Id.* (citation omitted).

### b. The sufficiency of Plaintiff's allegations.

Defendants seek dismissal on grounds that Plaintiff has not sufficiently alleged that either Defendant Jones or Addison knew that Defendant McDonald posed a risk to JHCC inmates. Specifically, citing *Keith*, 707 F.3d

at 1188, Defendants argue that the amended complaint lacks "allegations detailing a history of 'multiple instances of sexual misconduct . . . over a period of years.'" Doc. 16, at 19. But this is too broad a reading of *Keith*. In *Keith*, the plaintiff attempted to establish that the defendant had actual knowledge of the misconduct because there had a long history of "multiple instances of sexual abuse" at the facility. 707 F.3d at 1188. Here, rather than trying to establish a long pattern of abuse at JHCC, Plaintiff has alleged that Defendants Jones and Addison had actual knowledge that Defendant McDonald posed a risk because she had been fired for sexual misconduct. As the *Keith* court emphasized, it is only necessary to "allege facts that, if established, *might* lead to a determination of actual knowledge." *Id.* (emphasis added).

Plaintiff's allegations, taken as true, establish that: (1) Defendant McDonald had been terminated from a correctional facility for sexual misconduct involving prisoners; (2) Defendants Jones and Addison knew or should have known about her prior termination for sexual misconduct with prisoners; (3) Defendants Jones and Addison hired Defendant McDonald to work with prisoners at JHCC; and, (4) Defendant McDonald sexually assaulted Plaintiff — a prisoner. Applying judicial experience and common

10

sense, the undersigned finds that these allegations state a *plausible* claim that Defendants Jones and Addison were deliberately indifferent to an excessive risk to Plaintiff's safety under the Eighth Amendment. *See Iqbal*, 556 U.S. at 678-79 (holding that when deciding whether a claim is plausible, the Court must "draw on its judicial experience and common sense"); *Keith*, 707 F.3d at 1189-90 (holding that plaintiff had stated a plausible claim under the Eighth Amendment that "might lead to a determination of [the warden's] actual knowledge" of risks of sexual assault); *see also, e.g., Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) (granting summary judgment in the absence of evidence that the sheriff knew his male guard was a threat to female inmates but noting that: "Had Sheriff Hill possessed information that Mr. Robinson as an individual posed a threat to the safety of female inmates, our decision would be different.").

### 2. Plaintiff's claims based on supervisory liability.

Plaintiff further urges that Defendants Jones and Addison are liable as supervisors, arguing that they: (1) failed to supervise, properly train, control, investigate, and "discipline Kacie McDonald"; (2) "created a policy of inadequate supervision of the prison staff, and caused systemic structural policy failures"; (3) failed to "adopt and implement reasonable procedures to

prevent abuse of prison official authority"; and, (4) failed to "adopt and implement reasonable internal procedures for investigation and disciplining of wayward Correctional Officers." Doc. 11, at 10-12. The undersigned agrees with Defendants that these allegations are facially insufficient.

### a.    Establishing supervisory liability.

Although individual participation is necessary for liability under § 1983, a plaintiff can establish supervisory liability if he sufficiently alleges that the supervisor:

> (1) promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).

Alternatively, a plaintiff can establish supervisory liability if he demonstrates "an 'affirmative link' between the supervisor and the [underlying] violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (citation and internal quotations omitted). This "affirmative link" requires allegations of: "(1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Id.*

Before *Iqbal*, a plaintiff in this circuit could state a claim for the first element — "personal involvement" — through alleging the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise." *Id.* (citation omitted). Then the Supreme Court decided *Iqbal*, and "articulated a stricter liability standard for [the] first element of personal involvement." *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 768 (10th Cir. 2013). That is, the *Iqbal* Court held that: "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676.

Some courts read *Iqbal* to have "eliminated supervisory liability altogether." *Dodds*, 614 F.3d at 1199. Others conclude that *Iqbal* placed a greater emphasis on the second causation factor — "i.e., whether the supervisor's conduct was a proximate cause of the violation of the plaintiff's constitutional rights." *Id.* (citation and quotation marks omitted). The Tenth Circuit has yet "to determine what allegations of personal involvement . . . meet *Iqbal's* stricter liability standard." *Schneider*, 171 F.3d at 768 (citation omitted) (ruling in June 2013 and noting that, to date, the court had yet to "address the precise contours of this [supervisory liability] standard").

However, because the undersigned finds that Plaintiff's allegations involving supervisory liability are insufficient to establish a causal connection — the second element — the Court need not resolve the question here. *See id.* (noting that the court had not decided "the precise contours of [the personal involvement] standard" but declining to resolve the issue because plaintiff's case failed at the causation stage); *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 794 n.8 (10th Cir. 2013) ("We queried in *Dodds* . . ., whether this and other bases for supervisory liability under § 1983 survived the Supreme Court's decision in . . . *Iqbal* . . . . We need not resolve that question here because [plaintiff] cannot meet even our pre-*Iqbal* standard.").

### b.    The sufficiency of Plaintiff's allegations.

As illustrated above, Plaintiff uses all the relevant catchphrases, complaining about Defendant Jones and Addison's alleged failure to train, supervise, control, and discipline, having policies of inadequate training and supervision, and failing to have proper policies to prevent abuse. But Plaintiff does not, for example, describe what training or supervision was lacking or how different training, supervision, or policies would have prevented Defendant McDonald's alleged constitutional violations. Thus, Plaintiff's allegations, standing alone and without sufficient underlying facts,

are too general and conclusory to state a valid claim on the second factor –
the causal connection. *See Hook v. Regents of Univ. of Cal.*, 394 F. App'x 522,
537 (10th Cir. 2010) (rejecting plaintiff's suggestion that defendant's "failure
to supervise" was sufficient to impose supervisory liability because the
allegation was "simply too vague"); *Sanaah v. Howell*, 384 F. App'x 737, 740
(10th Cir. 2010) (affirming dismissal of plaintiff's supervisory liability claims
where plaintiff provided "only general and conclusory allegations,
unsupported by facts, that [defendants] showed deliberate indifference by
failing to supervise or train their employees"); *Lemmons v. Waters*, No. 11-
CV-500-JED-PJC, 2013 WL 5592977, at *4 (N.D. Okla. Oct. 10, 2013)
(unpublished order) (holding that plaintiff's conclusory allegations that
commissioner and sheriff were responsible for operating the jail and
correcting deficiencies at the facility and with jail employees were insufficient
to state a claim for an "affirmative link" between the defendants and the
alleged constitutional violations); *Rehberg v. City of Pueblo*, No. 10-cv-00261-
LTB-KLM, 2012 WL 1326575, at *5 (D. Colo. Apr. 17, 2012) (unpublished
order) (dismissing as conclusory plaintiff's attempt to impose supervisory
liability where plaintiff did "not proffer any facts regarding the officers'
training or supervision — when it occurred, who conducted it, or how it was

15

deficient" nor did he "explain how the [underlying] incident . . . could have been avoided with different or better training or supervision"). Accordingly, the undersigned recommends that the Court grant Defendants Jones and Addison's motion to dismiss the supervisory claims in Count 7.

### C.   Summary.

For Plaintiff's federal claims, encompassed in Count 7, the undersigned recommends granting dismissal to Defendant DOC entirely and Defendants Jones and Addison in their official capacities. These parties are not "persons" under § 1983.

In their individual capacities, Defendants Jones and Addison are also entitled to dismissal of Plaintiff's Count 7 claims resting on a theory of supervisory liability — the failure to train, supervise, promulgate policies, etc. These allegations are conclusory and insufficient to demonstrate a causal connection between Defendants and the underlying constitutional violations.

However, the undersigned finds that Plaintiff has stated a valid claim in Count 7 that Defendants Jones and Addison personally participated in hiring Defendant McDonald with deliberate indifference to the threat she posed to male inmates. Plaintiff's related Count 7 claims invoking

unreasonable search and seizure, due process, and other "rights and privileges" also survive Defendants' motion to dismiss.

## V. Defendants DOC, Jones, and Addison's motion to dismiss Plaintiff's state law claims (Counts 2-6).

### A. Construction of Plaintiff's state law claims.

For his state law claims, Plaintiff has alternatively pled that Defendants Jones and Addison acted in the scope of their employment, i.e., in their official capacities, Doc. 11, at 7, and acted intentionally or with "'wanton and reckless conduct,'" taking them outside the scope of their State employment, i.e., in their individual capacities. *Id.* at 9-10; *see also* Doc. 18, at 11. The distinction is important, because, as discussed below, Oklahoma's GTCA governs the official capacity claims and implicates only Defendant DOC. Notably, "the Federal Rules of Civil Procedure expressly permit alternative pleading, and 'the pleading is sufficient if any one of the alternative statements is sufficient.'" *Goodnight v. Lester*, No. CIV-11-691-D, 2012 WL 4062808, at *5 (W.D. Okla. Sept. 14, 2012) (unpublished order) (overruling defendant's motion to dismiss on grounds that some claims indicated that employees were not acting within the scope of employment under the GTCA on grounds that plaintiff had properly included alternative pleadings on the issue).

17

Because Plaintiff has plead alternatively, the undersigned has separately addressed Defendants Jones and Addison's individual challenges to Counts 2-6, and Defendant DOC's challenge to Counts 2-6 under the GTCA.

**B.    Defendants Jones and Addison's motion to dismiss Plaintiff's allegations involving their individual capacities.**

**1.    Counts 2-6.**

Defendants Jones and Addison first seek dismissal in their individual capacities under Okla. Stat. tit. 51, § 163(C). Doc. 16, at 26-27. That statute reads in relevant part:

> Suits instituted pursuant to the provisions of [the GTCA] shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .

Okla. Stat. tit. 51, § 163(C).

For Plaintiff's alternative claims alleging that Defendants Jones and Addison acted within the scope of their employment, they are correct. *See id.* Thus, for those claims, Defendant DOC is the only proper party.

However, for Plaintiff's claims that Defendants Jones and Addison "acted in 'wanton and reckless conduct' in their individual capacities," taking

them outside the scope of their State employment, they are not entitled to dismissal.

"Under the GTCA, 'any malicious or bad faith act by an employee falls outside the scope of employment.'" *Tilghman v. Kirby*, No. CIV-13-73-D, 2013 WL 6092529, at *3 (W.D. Okla. Nov. 19, 2013) (unpublished order) (quoting *Harmon v. Cradduck*, 286 P.3d 643, 650 n.20 (Okla. 2012)). And, "'[a]cts performed with reckless disregard for an individual's rights also lack good faith and are outside the scope of employment under the provisions of the GTCA.'" *Id.* (quoting *White v. City of Del City*, 270 P.3d 205, 214 (Okla. Civ. App. 2011)).

The determination of whether an employee's act was in or outside the scope of his employment "'is a question of fact except in cases where only one reasonable conclusion can be drawn from the facts.'" *Id.* (quoting *Bryson v. Okla. Cnty.*, 261 P.3d 627, 632 (Okla. Civ. App. 2011) (internal quotation marks omitted)); *see also Chenoweth v. City of Miami*, 240 P.3d 1080, 1084 (Okla. Civ. App. 2010) ("Except in cases where only one reasonable conclusion can be drawn, the question of whether an employee has acted within the scope of employment at any given time [for purposes of the GTCA] is a question for the trier of fact."). "Accordingly, while this issue may be

adjudicated upon consideration of a summary judgment motion, it cannot properly be determined in a motion to dismiss." *Tilghman*, 2013 WL 6092529, at *3.

Because Plaintiff has alternatively alleged conduct which places Defendants Jones and Addison both *in* and *outside* the scope of their employment, and the Court cannot properly make a final determination on that issue when ruling on a motion to dismiss, the undersigned recommends that Defendants' motion to be individually dismissed from Counts 2-6 be denied. *See id.* (holding that because the question of whether defendant acted in the scope of his employment could not properly be determined in a motion to dismiss, "dismissal for failure to state a plausible claim for relief is not warranted on this basis").

### 2.    Count 5.

Again in their individual capacities, Defendants make a brief argument that Count 5 — alleging "wanton and reckless conduct" — is "devoid of any factual allegations, is no 'more than labels and conclusions,' and barely amounts to 'unadorned, the-defendant-unlawfully-harmed-me accusations.'" Doc. 16, at 33 (citations and internal brackets omitted). The undersigned disagrees.

In Count 5, Plaintiff incorporates all the facts previously alleged in the amended complaint and pleads, alternatively, that Defendants Jones and Addison committed the acts in a wanton or reckless manner. Doc. 11, at 9. As noted above, the Federal Rules of Civil Procedure permit this type of alternative pleading and Plaintiff's incorporation of prior facts and allegations is sufficient to withstand Defendants' limited argument. *See Moaz v. Safeway Inc.*, No. 11-cv-01061-MSK-KMT, 2012 WL 89977, at *2 (D. Colo. Jan. 10, 2012) (unpublished order) (denying defendant's motion to dismiss on grounds that plaintiff's claim was conclusory and "devoid of virtually any facts whatsoever" because plaintiff had provided a factual narrative which he "expressly incorporated by reference") (internal quotation marks omitted).

### 3. Summary.

In their individual capacities, Defendants Jones and Addison are not entitled to dismissal of any state law claim raised in Counts 2-6.

### C. Defendant DOC's motion to dismiss Plaintiff's allegations involving the official capacity claims.

For the official capacity claims, Defendant DOC seeks dismissal on grounds that it is exempt from liability under the GTCA and reiterates the

argument that Count 5 is conclusory. The undersigned finds that dismissal is warranted, but only in part.

### 1. Counts 2, 5, 6.

For Plaintiff's general negligence claim (Count 2), "wanton and reckless" claim (Count 5), and intentional infliction of emotional distress claim (Count 6), Defendant DOC seeks dismissal on grounds that it cannot be held liable because Defendant McDonald committed intentional or bad faith acts and was therefore acting outside the scope of her employment. Doc. 16, at 27-32, 32-33. But this argument ignores entirely Defendants Jones and Addison's alleged acts described in the same counts, and, more importantly, the undersigned has already concluded that the Court cannot properly address scope of employment questions when ruling on a motion to dismiss. *See Tilghman*, 2013 WL 6092529, at \*3. Accordingly, the Court should deny Defendant DOC's motion to dismiss Counts 2, 5 and 6 on this ground.

### 2. Count 3.

In Count 3, Plaintiff seeks to hold Defendant DOC liable for the negligent hiring, training, supervising, and retaining of Defendant McDonald. Doc. 11, at 7-8. Defendant DOC argues that it is immunized from

liability based on the GTCA's "discretionary function" exemption. Doc. 16, at 22-23. The undersigned agrees with Defendant DOC.

The GTCA exempts a government agency from liability for any loss or claim that results from the "[p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees." Okla. Stat. tit. 51, § 155(5). To that end, "initial policy level or planning decisions are considered discretionary and hence immune, whereas operational level decisions made in the performance of policy are considered ministerial and not exempt from liability." *Nguyen v. Oklahoma*, 788 P.2d 962, 964-65 (Okla. 1990).

Plaintiff relies particularly on *J.M. v. Hilldale Independent School District. No. I-29 of Muskogee County., Okla.*, No. CIV-07-367-JHP, 2008 WL 2944997 (E.D. Okla. July 25, 2008) (unpublished order), to argue that DOC is not immune from his claims of negligent hiring and training. Doc. 18, at 20-21. There, the court found that a school district's alleged failure to supervise a teacher was not "discretionary" for purposes of immunity under the GTCA. *Hilldale*, 2008 WL 2944997, at *12-13. But this Court, like others, has undertaken its own analysis of the relevant state and federal law and concluded otherwise.

For example, in *Houston v. Independent School District No. 89 of Okla. County*, __ F. Supp. 2d __, No. CIV-12-474-D, 2013 WL 2387767, at *4 (W.D. Okla. May 30, 2013), this Court recently concluded:

> The Court begins its analysis . . . by observing that "when the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." Of course, this Court is also bound by Tenth Circuit decisions interpreting state law. Neither the parties' briefs nor independent research discloses any controlling decision regarding the applicability of the discretionary function exemption to a claim of negligent supervision and retention. Thus, the Court must attempt to predict how the Oklahoma Supreme Court would rule.

*Id.* (citations and internal brackets omitted).

Addressing state and federal law, the Court ultimately opined that the defendant's "supervision and retention of managerial employees . . . involve the kinds of decisions that implicate policy concerns" and therefore fell within the "discretionary function exemption of § 155(5)." *Id.* at *5. This Court and its sister courts have reached similar decisions. *See Allen v. J. Alma Wilson Seeworth Acad., Inc.,* No. CIV-12-0093-HE, 2012 WL 1298588, at *2 (W.D. Okla. Apr. 16, 2012) (unpublished op.) (holding that school board's training, supervision, and retention of its employees was "discretionary" under the GTCA and collecting cases in support); *Elizabeth S. v. Okla. City Pub. Schs.,*

No. CIV-08-105-M, 2008 WL 4147572, at *5 (W.D. Okla. Sept. 3, 2008) (unpublished order) (finding school board immune for alleged failure to supervise teacher, which allegedly led to teacher's sexual assault on student, on grounds that supervision was a "discretionary act[]"); *Seals v. Jones*, No. 12-CV-569-JED-TLW, 2013 WL 5408004, at *4 (N.D. Okla. Sept. 25, 2013) (unpublished order) ("Any alleged negligent hiring and retention of employees by Cleveland County would fall within the discretionary functions provision of the GTCA, for which Cleveland County is immune from suit as a matter of law."); *White v. City of Tulsa*, No. 13-CV-128-TCK-PJC, 2013 WL 4784243, at *5 (N.D. Okla. Sept. 5, 2013) (unpublished order) (collecting cases to support holding that city was immune for the officer's alleged negligent training and supervision because such acts were "discretionary"); *Fumi v. Bd. of Cnty. Comm'rs of Rogers Cnty.*, No. 10-CV-769-TCK-PJC, 2011 WL 4608296, at *6 (N.D. Okla. Oct. 3, 2011) (unpublished order) ("Courts have applied this [discretionary] exemption to negligent hiring, supervision, and training claims, finding that 'the language of the GTCA as well as recent cases law construing these provisions makes clear the state and/or a political subdivision is not subject to suit for discretionary acts such as hiring, supervising, and training employees . . . .'") (citation omitted); *Burns v.*

*Holcombe*, No. 09-CV-152-JHP, 2010 WL 2756954, at *15 (E.D. Okla. July 12, 2010) (unpublished op.) (agreeing that entity was immune from officers' alleged negligent hiring, training, supervision and retention under the "discretionary" exemption of § 155(5)); *Steel v. United States*, No. 09-cv-01557-CMA-CBS, 2010 WL 2501200, at *3 (D. Colo. June 15, 2010) (unpublished order) (addressing claims raised under the analogous Federal Tort Claims Act and holding that federal government was immune from claims involving negligent training and supervision because "prison staffing decisions are discretionary").

Based on the forgoing, the undersigned finds that Defendant DOC is immune from the allegations raised in Count 3 involving the alleged negligent hiring, training, supervision and retention of Defendant McDonald. Under Oklahoma law, these acts were "discretionary" and exempt DOC from liability under the GTCA.

### 3.    Count 4.

Defendant DOC also seeks Count 4's dismissal on grounds that the GTCA specifically exempts liability for the "'[p]rovision, equipping, operation

or maintenance of any prison, jail or correctional facility . . . .'" Doc. 16, at 24 (citing Okla. Stat. tit. 51, § 155(25)[3]).

In his response, Plaintiff "concedes to Defendant's motion to dismiss Count IV of Plaintiff's First Amended Complaint which seeks negligence theory of failure to provide adequate surveillance and monitoring system at the JHCC, in that, such claim falls under the enumerated exemptions in the OGTCA." Doc. 18, at 22. The undersigned recommends that the Court dismiss Count 4 as against Defendant DOC.

### 4. Count 5.

In part, Defendant DOC raises the same defense to Count 5 as Defendants Jones and Addison — that the allegation of "wanton and reckless" conduct is conclusory. Doc. 16, at 33. But as already discussed, Plaintiff has sufficiently supported this count with factual allegations. Accordingly, the Court should deny dismissal on this basis.

---

[3] In what appears to be a scrivener's error, Defendants cite Okla. Stat. tit. 51, § 155(24). Doc. 16, at 24. Paragraph 24 discusses exemptions for the Oklahoma National Guard, while paragraph 25 provides exemptions for the operation of a prison. *See* Okla. Stat. tit. 51, § 155(24), (25).

### 5. Summary.

The Court should grant Defendant DOC's motion to dismiss Counts 3 and 4. However, dismissal is not warranted on Counts 2, 5, and 6 and these claims should survive Defendant DOC's motion.

## VI. Recommendation and notice of right to object.

For the above stated reasons, the undersigned recommends that Defendants' motion to dismiss be granted in part and denied in part.

The claims that should be dismissed include:

- Count 7 (in part): For the federal claims under § 1983, Defendant DOC and Defendants Jones and Addison, in their official capacities, are entitled to dismissal without prejudice. Additionally, Plaintiff's theories involving supervisory liability alleged against Defendants Jones and Addison, in their individual capacities, should be dismissed without prejudice.

- Count 3: For the state law claim alleging the negligent hiring, training, supervising and/or retaining of Defendant McDonald *within* the scope of employment, (i.e., the official capacity claim), Defendant DOC is entitled to dismissal with prejudice.

- Count 4: For the state law claim alleging the negligent failure to provide an adequate surveillance system *within* the scope of employment, (i.e., the official capacity claim), Defendant DOC is entitled to dismissal with prejudice.

Several claims should survive Defendants' motion. Those include:

- Count 7 (in part): For the federal claims under § 1983, Plaintiff has stated a valid claim for relief for personal liability against Defendants Jones and Addison in their individual capacities.

- Count 2: For the state law claim alleging negligent holding, incarcerating, and guarding Plaintiff *within* the scope of employment, (i.e., the official capacity claim), Defendant DOC is not entitled to dismissal.

- Count 5: For the state law claim alleging wanton and reckless conduct occurring *within* the scope of employment, (i.e., the official capacity claim), Defendant DOC is not entitled to dismissal.

- Count 6: For the state law claim alleging intentional infliction of emotional distress *within* the scope of employment, (i.e., the official capacity claim), Defendant DOC is not entitled to dismissal.

- Counts 2-6: Plaintiff's state law claims alleging conduct *outside* the scope of employment, i.e., the individual capacity claims against Defendants Jones and Addison, should all survive Defendants' motion to dismiss.

The Court should find Defendants' first motion to dismiss, Doc. 4, moot.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court by the 19th day of January, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 30th day of December, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE