IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-867-D |
| ) | |
| STATE OF OKLAHOMA, ex rel., ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, KACIE ) | |
| McDONALD, Case Manager, ) | |
| JUSTIN JONES, Director of DOC, ) | |
| MIKE ADDISON, Warden at ) | |
| Joseph Harp Correctional Center, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing through counsel, initiated the present action under 42 U.S.C. § 1983 and Oklahoma law. Doc. 11. United States District Court Judge Timothy D. DeGiusti referred the matter for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). After reviewing Defendants Oklahoma Department of Corrections, Jones, and Addison's motion to dismiss, Doc. 16, and Plaintiff's response, Doc. 18, the undersigned Magistrate Judge recommended that the Court grant Defendants' motion in part and deny it in part. Doc. 20. The Court adopted the recommendation and re-referred the action to the undersigned. Doc. 22, at 1-2.

Plaintiff now seeks default judgment against Defendant Kacie McDonald. Doc. 23. The undersigned recommends that the Court deny the motion as premature.

## I. Analysis.

When a defendant fails to answer or otherwise defend against an action, the Federal Rules of Civil Procedure provide two distinct sequential steps: the entry of default and the entry of default judgment. *See* Fed. R. Civ. P. 55(a), (b); *see also Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) ("The entry of default and the entry of a judgment by default are two separate procedures."). To begin, a party must ask the Clerk of the Court to enter default. *See* Fed. R. Civ. P. 55(a). Only when the Clerk has complied may a party seek default judgment. *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (holding that the entry of default is a "prerequisite for the entry of a default judgment under Rule 55(b)(1)"); *see also Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished op.) ("[*F*]*ollowing an entry of default by the clerk*, 'the party entitled to a judgment by default shall apply to the court therefor.'") (quoting Fed. R. Civ. P. 55(b)(2)) (emphasis added).

The docket reflects that Plaintiff has not sought or been awarded an entry of default against Defendant McDonald. So, the undersigned finds that

2

Plaintiff's motion for default judgment is premature and should be denied. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Stitts v. Staples*, No. 97-5415, 1998 WL 466569, at *2 (6th Cir. 1998) (unpublished op.) ("The district court did not abuse its discretion in this case. It properly denied [plaintiff's] motion for default judgment as premature because [plaintiff] had neglected to apply to the court clerk for entry of a default, as required by Fed. R. Civ. P. 55(a) . . . ."); *Flohrs v. Eli Lilly & Co.*, No. 12-2439-SAC, 2012 WL 5266116, at *1 (D. Kan. Oct. 23, 2012) (unpublished order) ("The plaintiff's motion for default judgment is premature, as he has failed to accomplish the first step of applying for an entry of default with the clerk of the court. The court thus finds no basis for entry of a default judgment.").

The undersigned also finds prematurity based on the existence of multiple defendants. That is, Plaintiff has alleged that all the named defendants are "jointly and severally" liable. Doc. 11, at 14. And, "'when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against [her] until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.'" *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (quoting 10

3

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690, at 455-56 (1983)); *see also Garamendi v. Henin*, 683 F.3d 1069, 1083 (9th Cir. 2012) (holding that the district court "followed the proper procedure" because after the defendant defaulted, "the court waited until completion of trial against the non-defaulting defendants before fixing damages and entering default judgment[] against [defaulting-defendant]"). As noted above, the Court dismissed some of Plaintiff's claims, but other claims still remain. So, even if Plaintiff secures an entry of default, his motion for default judgment will remain premature until such time as the remaining claims are adjudicated.

## II. Recommendation and notice of right to object.

The undersigned finds that Plaintiff's motion for default judgment is premature in two respects and recommends that the Court deny the motion at this time.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court by the 5th day of March, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and

4

legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 12th day of February, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE