IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-867-D |
| ) | |
| STATE OF OKLAHOMA, ex rel., ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, KACIE ) | |
| McDONALD, Case Manager, ) | |
| JUSTIN JONES, Director of DOC, ) | |
| MIKE ADDISON, Warden at ) | |
| Joseph Harp Correctional Center, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate, appeared through counsel and initiated the present action under 42 U.S.C. § 1983 and Oklahoma law. Doc. 11. United States District Court Judge Timothy D. DeGiusti referred the matter for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). After reviewing Defendants Oklahoma Department of Corrections (DOC), Jones, and Addison's motion to dismiss, Doc. 16, and Plaintiff's response, Doc. 18, the undersigned Magistrate Judge recommended that the court grant Defendants' motion in part and deny it in part. Doc. 20. The court adopted the recommendation and re-referred the action to the undersigned. Doc. 22, at 1-2.

Defendants DOC, Jones, and Addison now seek dismissal based on Plaintiff's failure "to cooperate in the discovery process." Doc. 40, at 1. Plaintiff responded, Doc. 41, Defendants replied, Doc. 42, and the matter is at issue. The undersigned recommends that, despite Plaintiff's recalcitrance, the court declines to impose dismissal as a discovery sanction at this juncture.

## I. Discovery background.

Following a joint status conference, the undersigned ordered that the parties complete discovery on or before November 6, 2014. Doc. 29, at 2. On September 26, 2014, citing Plaintiff's lack of response to written discovery, Defendants requested an additional ninety days, or until February 4, 2015, to complete discovery. Doc. 30, at 1-4. The undersigned granted the motion. Doc. 31.

On November 18, 2014, Defendants filed a motion to compel Plaintiff's response to the written discovery requests. Doc. 32. Plaintiff's counsel countered that his client's discovery responses had been "intercepted between the DOC facility and Plaintiff's Counsel's office." Doc. 33, at 1. The undersigned instructed the parties' attorneys to confer regarding the most reasonable and secure manner for Plaintiff to deliver his discovery responses to his attorney. Doc. 34.

In a court-ordered joint status report filed on December 22, 2014, Defendants alleged, and Plaintiff's attorney did not dispute, that Plaintiff misled his attorney about mailing the discovery responses. Doc. 36, at 4-5. As an excuse, Plaintiff claimed that he was "in fear of retaliation of prison officials if he cooperated in discovery." *Id.* at 5. The undersigned noted that Plaintiff had not sought a protective order or "previously raised a good-faith claim regarding retaliation," and granted Defendants' motion to compel. Doc. 38, at 2. The undersigned cautioned Plaintiff that it is his responsibility to prosecute the action and engage in discovery, and ordered him to produce the requested discovery no later than January 26, 2015, or face possible sanctions. *Id.*

Plaintiff's responses were not forthcoming, and Defendants filed the instant motion to dismiss on March 17, 2015. Doc. 40. Plaintiff objects to dismissal, asserting that he hand delivered the discovery responses to Defendants on the same day they filed their dispositive motion. Doc. 41, at 1-2, 4-5. In reply, Defendants acknowledge receipt of the discovery responses but claim that the responses are, in part, inadequate, and reurge dismissal as the appropriate sanction. Doc. 42, at 2, 3-4.

## II. The prematurity of dismissal as a discovery sanction.

The undersigned concurs with Defendants that Plaintiff has been less than fully compliant with discovery requests and orders. And, "'[a] district court undoubtedly has discretion to sanction a party for . . . failing to comply with local or federal procedural rules.'" *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (citation omitted). This discretion "includes dismissing a case for discovery violations." *Id.* (citation omitted). However, "[d]ismissal is a severe sanction; therefore, it should be imposed only if a 'lesser sanction would not serve the ends of justice.'" *Id.* (citation omitted).

> In deciding whether dismissal is appropriate, the court must consider:
>
> (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.

*Id.* (citations omitted).

Although the court previously warned Plaintiff that his failure to timely respond to Defendants' discovery requests could result in dismissal, Doc. 38, at 2, the undersigned finds that the remaining factors weigh against dismissal at this time. For example, the undersigned has extended all relevant deadlines, thus negating the degree of actual prejudice to Defendants. Doc. 43. For the same reason, the judicial process has not

4

experienced a large degree of interference. As for culpability, Plaintiff has continuously argued that prison officials have made responding to discovery difficult, and his attorney states that "even in the presence of Counsel, Plaintiff was not allowed by the [prison] staff to produce records or documentation from his cell to support his lawsuit." Doc. 41, at 2-3. In light of these assertions, and at this stage of litigation, the undersigned cannot find that Plaintiff is totally culpable for the discovery delay. Finally, the undersigned finds that, if warranted, lesser sanctions are available. *See* Fed. R. Civ. P. 37(b)(2)(C).

Based on this balancing test, the undersigned recommends that the court overrule Defendants' motion to dismiss the action as a discovery sanction. However, the undersigned STRONGLY CAUTIONS Plaintiff that any further discovery violations will likely result in sanctions, including but not limited to, the court's dismissing his action. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); 41(b).

## III. Recommendation and notice of right to object.

The undersigned recommends that the court deny Defendants' motion to dismiss, Doc. 40.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 21st day

5

of April, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral in the present case.

ENTERED this 1st day of April, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE