IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILIP BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-867-D |
| ) | |
| STATE OF OKLAHOMA, ex rel., ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, KACIE ) | |
| McDONALD, Case Manager, ) | |
| JUSTIN JONES, Director of DOC, ) | |
| MIKE ADDISON, Warden at ) | |
| Joseph Harp Correctional Center, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate, appeared through counsel and initiated the present action under 42 U.S.C. § 1983 and Oklahoma law. Doc. 11. United States District Court Judge Timothy D. DeGiusti referred the matter for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). After reviewing Defendants Oklahoma Department of Corrections (DOC), Jones, and Addison's motion to dismiss, Doc. 16, and Plaintiff's response, Doc. 18, the undersigned Magistrate Judge recommended that the court grant Defendants' motion in part and deny it in part. Doc. 20. The court adopted the recommendation and re-referred the action to the undersigned. Doc. 22, at 1-2. Since that time, Plaintiff has been uncooperative in the discovery

process, refused to communicate with his attorney, and failed to obey the court's most recent order. So now, the undersigned recommends that the court sua sponte dismiss Plaintiff's action with prejudice.

I.  **Background.**

After re-referral and following a joint status conference, the undersigned ordered that the parties complete discovery by November 6, 2014. Doc. 29, at 2. On September 26, 2014, citing Plaintiff's lack of response to written discovery, Defendants requested an additional ninety days, or until February 4, 2015, to complete discovery. Doc. 30, at 1-4. The undersigned granted the motion. Doc. 31.

On November 18, 2014, Defendants moved to compel Plaintiff's response to the written discovery requests. Doc. 32. Plaintiff's counsel countered that his client's discovery responses had been "intercepted between the DOC facility and Plaintiff's Counsel's office." Doc. 33, at 1. The undersigned instructed the attorneys to confer regarding the most reasonable and secure manner for Plaintiff to deliver his discovery responses to his attorney. Doc. 34.

In a court-ordered joint status report filed on December 22, 2014, Defendants alleged, and Plaintiff's attorney did not dispute, that Plaintiff had misled his attorney about mailing the discovery responses. Doc. 36, at 4-

5. As an excuse, Plaintiff claimed he was "in fear of retaliation of prison officials if he cooperated in discovery." *Id.* at 5. The undersigned noted Plaintiff had neither sought a protective order nor "previously raised a good-faith claim regarding retaliation," and granted Defendants' motion to compel. Doc. 38, at 2. The undersigned cautioned Plaintiff that it is his responsibility to prosecute the action and engage in discovery, and ordered him to produce the requested discovery no later than January 26, 2015, or face possible sanctions. *Id.*

Plaintiff's responses were not forthcoming, and Defendants moved to dismiss on March 17, 2015. Doc. 40. Plaintiff's attorney objected to dismissal, asserting he hand delivered the discovery responses to Defendants on the same day they filed their dispositive motion. Doc. 41, at 1-2, 4-5. In reply, Defendants acknowledged receipt of the discovery responses but claimed the responses were, in part, inadequate. Doc. 42, at 2, 3-4.

Despite Plaintiff's recalcitrance, the undersigned recommended that the court overrule Defendants' motion to dismiss. Doc. 44. But the recommendation warned: "[T]he undersigned STRONGLY CAUTIONS Plaintiff that any further discovery violations will likely result in sanctions, including but not limited to, the court's dismissing [the] action." *Id.* at 5. The court adopted the recommendation, Doc. 45, and the undersigned

3

ordered the parties to personally confer and submit a new joint discovery plan. Doc. 47. The parties complied, and the undersigned entered a new scheduling order. Doc. 48.

By agreement, the parties' attorneys arrived at Plaintiff's facility on July 27, 2015, to depose Plaintiff; however, Plaintiff refused to attend his deposition. Doc. 51, at 2-3; Doc. 52, at 1-2. Plaintiff's attorney "advised him of . . . the consequences that may happen for him not to offer his deposition . . . ." Doc. 51, Ex. 3, at 3. Thereafter, Plaintiff refused to return his attorney's phone calls or letters and his attorney finally requested leave to withdraw from the case. Doc. 52, at 2. The undersigned granted the motion, and ordered Plaintiff to inform the court no later than August 22, 2015, if he intended to proceed pro se or needed time to find a new attorney. Doc. 53. Plaintiff did not comply with the court's order.

## II. Standard for dismissal.

Under Fed. R. Civ. P. 41(b), the court may dismiss an action, sua sponte, if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite the Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the

4

rules of civil procedure or court's orders"). "The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (citation omitted). "The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." *Id.* at 856.

While a court should impose "dismissal for failure to prosecute only after careful exercise of judicial discretion," "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *Id.* at 855. However, because dismissal with prejudice is an "extreme sanction," appropriate only in cases of willful misconduct, the court must consider: (1) "the degree of actual prejudice" to Defendants; (2) "the amount of interference with the judicial process"; (3) Plaintiff's "culpability"; (4) "whether the court warned [Plaintiff] in advance that dismissal . . . would be a likely sanction for noncompliance"; and (5) if "lesser sanctions" would be more effective. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920, 921 (10th Cir. 1992); *see also Gripe v. City of Enid*, 312 F.3d 1184,

5

1188 (10th Cir. 2002) (holding that when a court dismisses a complaint with prejudice under Rule 41(b), it should consider the "*Ehrenhaus* criteria") (quoting *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1997)).

**III. Analysis.**

Applying the *Ehrenhaus* factors, the undersigned finds Plaintiff's failure to prosecute and comply with the court's order warrants dismissal with prejudice.

First, the undersigned notes that Defendants have been unable to depose Plaintiff or complete discovery to their satisfaction, leaving them unable to present a well-supported motion for summary judgment or meaningfully prepare for trial. The undersigned finds this has actually prejudiced Defendants. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144-46 (10th Cir. 2007) (holding that, based on "the crucial function of the discovery process," the district court properly found plaintiff's dilatory acts relating to deposition testimony had "actually prejudiced defendants" under *Ehrenhaus's* criteria).

Second, Plaintiff's conduct has substantially interfered with the judicial process. The court first ordered discovery to be complete by November 2014, now, in September 2015, discovery is at a stand-still. Plaintiff's conduct has left him without an attorney, and because he did not respond to the court's

6

order, the undersigned cannot know whether to treat Plaintiff as a pro se litigant or whether to wait for Plaintiff to hire new counsel.

Third, Plaintiff willfully refused to communicate with his attorney or participate in discovery. And while he tried to excuse his actions based on a retaliation fear, Plaintiff never sought a protective order or otherwise made good-faith, supported retaliation claims. *See id.* at 1146, 1147 (agreeing that plaintiff's refusal to participate in discovery was "willful," and rejecting plaintiff's excuses because it could have sought "a protective order from the district court"). The undersigned finds this intentional conduct culpable.

Fourth, the undersigned repeatedly cautioned Plaintiff that his actions, if continued, would likely result in the court's dismissing his complaint. Where "the trial court has . . . expressly identified dismissal as a likely sanction," "*Ehrenhaus's* [final] prong has been met[.]" *Id.* at 1149.

Fifth and finally, the undersigned finds that no lesser sanction would be efficient. It appears to the undersigned Plaintiff has all but abandoned his case and his failure to prosecute or comply with the court's order leaves the case in legal limbo. So, the undersigned finds dismissal with prejudice is warranted.

## IV. Recommendation and notice of right to object.

The undersigned recommends the court sua sponte dismiss Plaintiff's complaint with prejudice based on his failure to prosecute and comply with the court's order. If the court adopts this recommendation, it will moot Defendants' motion to dismiss, Doc. 51.

The undersigned directs Plaintiff's former attorney, Mr. E. Ed Bonzie, to forward this recommendation to Plaintiff at his last known address. *See* Doc. 53 (granting Mr. Bonzie's motion to withdraw but requiring him to continue to receive subsequent papers for forwarding purposes).

Finally, the undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by the 23rd day of September, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 3rd day of September, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE